The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except the modification of Findings of Fact Nos. 4 and 6, and the addition of Findings of Fact Nos. Fact 7 and 8.
********************
Therefore, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner with some modifications as follows:
The Full Commission finds as fact and conclude as a matter of law the following, which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On January 11, 1992, the employer-employee relationship existed between the plaintiff and the defendant-employer.
3. On January 11, 1992, the defendant-employer was a duly qualified self-insured employer.
4. On January 11, 1992, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer.
5. The medical records of Dr. Ed Purvis, marked as Stipulated Number One, were admitted into evidence. (6 pages).
6. The medical records of Dr. Gerald Truesdale, marked as Stipulated Number Two, were admitted into evidence. (2 pages).
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commissioner as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, the plaintiff was a sixteen (16) year old high school student. Plaintiff had been employed by the defendant-employer as a cook. Plaintiff had worked for the defendant-employer for approximately two (2) months prior to the injury by accident.
2. On November 11, 1992, the plaintiff sustained a severe burn to his right foot from hot grease while working with the defendant-employer. Plaintiff was changing grease out of a fry pot. While plaintiff was attempting to change the grease, he slipped on a wet floor and stepped into a fry pot with his right foot. The fry pot was sitting on the floor, and it contained hot grease.
3. As a result of this injury by accident, the plaintiff sustained a scar to his right foot. The scar was described at the hearing and that description is incorporated herein by reference.
4. At the time of the hearing, plaintiff was nineteen (19) years old. He has a high school degree. At the time of the hearing, the plaintiff was employed full-time at the shipping department in a Fieldcrest Mills Plant.
5. The injury causes plaintiff pain and discomfort. In order to relieve his discomfort, the plaintiff must periodically remove his footwear in order to rub the scarred area while at work. The plaintiff experiences discomfort to his foot when the foot is exposed to sunlight.
6. The plaintiff is also limited in his employment choices because jobs that require extensive walking bothers his foot. Plaintiff voluntarily terminated his employment with defendant-employer because he had been re-assigned to a bus-boy position and the constant walking necessitated by this position was a concern of his.
7. As a result of his injury by accident, plaintiff has sustained scarring to his right foot which is repulsive to other people.
8. As a result of his injury by accident, plaintiff has suffered serious and permanent bodily disfigurement to such an extent that it may reasonably be presumed to lessen his future opportunities for remunerative employment and so reduce his future earning capacity in light of plaintiff's young age, education and the career opportunities available to him. Equitable compensation for this serious permanent bodily disfigurement is $2,000.00.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
As a result of his injury by accident, plaintiff has sustained serious and permanent bodily disfigurement for which defendants are liable in the amount of $2,000.00. N.C. Gen. Stat. §97-31 (22).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the deputy commissioner and enters the following:
AWARD
1. Defendants shall pay compensation to plaintiff in the amount of $2,000.00. Such compensation shall be paid in a lump sum subject to counsel's fee as approved below.
2. A reasonable attorney's fee of $500.00 is approved for plaintiff's counsel. Such amount shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
3. Defendants shall pay the costs.
ORDER
In the discretion of the undersigned, plaintiff's Motion for Attorney's Fees and Costs is hereby DENIED.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
BSB:be